**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THEODORE VALLESTEROS, ) <br> ) <br> Defendant. ) | Case No. 2:05-cr-00480-KJD-PAL <br><br> **FINDINGS AND RECOMMENDATION** <br><br> (M/Suppress - #45) |

This matter is before the court on defendant Theodore Vallesteros' Motion to Suppress Evidence Obtained Through Illegal Search of the Residence at 5401 Moonstruck Avenue, Las Vegas, Nevada (#45) which was referred to the undersigned for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), and LR IB 1-3 and IB 1-4. The Court has considered the motion and the Government's Response (#46).

## BACKGROUND

The defendant, Theodore Vallesteros ("Vallesteros") is charged in a criminal indictment (#1)[1] returned December 21, 2005, with one count of conspiracy to distribute of a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii); two counts of distribution of a controlled substance in violation of §§ 841(a)(1), (b)(1)(B)(viii) and 21 U.S.C. § 2; and one count of possession with intent to distribute a controlled substance in violation of §§ 841(a)(1), (b)(1)(C). The indictment arises out of a series of "controlled buys" by a confidential source ("CS") working for the United States Drug Enforcement Administration's ("DEA's") Clark County Gang Task Force during which the

---

[1] The court's electronic docket sheet contains merged records from the original magistrate judge case file (2:05-mj-00930-GWF-GWF) and the criminal case file. As a result, many docket entries contain identical docket numbers. All of the documents arising out of the original magistrate judge case file are noted with the case number in the docket text entry. All of the citations in this Report of Findings and Recommendation are to documents arising out of the criminal case.

defendant and his co-defendant James Vallesteros allegedly sold the CS quantities of methamphetamine from within the defendant's home.

On the basis of these controlled buys, Patrick Patton ("Patton"), a sworn Federal Task Force Officer with DEA and an officer with the City of Las Vegas Marshal Unit (CLVMU), made an application for a search warrant for the defendant's residence at 5401 Moonstruck Avenue in Las Vegas, Nevada where the controlled buys had allegedly occurred. The application was granted and a search warrant was issued by United States Magistrate Judge George Foley, Jr. on December 8, 2005. The search warrant was executed on December 13, 2005, during which time the defendant was found and placed under arrest. The search warrant return indicates that the executing agents recovered $980.00 in U.S. currency, a semiautomatic pistol, a 380 caliber pistol, suspected methamphetamine, digital scales, a notebook, an I.D. card for Vallesteros, a tin can, small Ziploc bags, a cellular phone, and various documents

In the instant motion, Vallesteros seeks the suppression of all of the items seized from his residence. He also seeks oral argument and an evidentiary hearing. He argues that the affiant who made the application for a search warrant for the residence at 5401 Moonstruck Avenue was statutorily ineligible to prepare such a search warrant application because he was a "Class III Correction Officer" rather than a "Class I Police Officer." He argues that the affiant's statutory ineligibility amounts to a Fourth Amendment violation. While he acknowledges that the U.S. Attorney General may empower local fully accredited peace officers to assist in federal drug investigations, he argues that under Nevada Revised Statute ("NRS") 289.130 and Nevada Administrative Code ("NAC") 289.160 Class III Corrections Officers do not possess sufficient authority to qualify as a peace officer to whom federal law enforcement powers may be delegated. He contends that only Class I police officers possess sufficient authority to receive delegated authority to operate as part of federal drug investigations. In addition, he contends that the affiant's good faith belief that he possessed sufficient state statutory authority to accept delegated authority from the U.S. Attorney General cannot cure this defect. Based on this asserted the statutory ineligibility, Vallesteros argues that the evidence seized must be suppressed under the fruit of the poisonous tree doctrine.

/ / /

1    The government responds that the affiant, Patton, was a Category I (Basic Certificate) Peace
2 Officer, as defined by NRS 289.460, at the time he swore to the affidavit supporting the search warrant
3 application.  The government states that Patton received that classification on March 28, 2000, proof of
4 which it attached as Exhibit A in the form of a State of Nevada Basic Certificate for Patrick R. Patton.
5 The government argues that under NAC 289.210, a "basic certificate authorizes the holder to perform
6 the duties of a peace officer."  It also attached as Exhibit B a Southern Nevada Law Enforcement
7 Academy certificate for Basic Course of Police Officers for Patrick R. Patton dated February 4, 2000.
8 The government argues that as a Category I peace officer, Patton was statutorily eligible under NAC
9 289.040 to receive delegated authority to make a search warrant application on behalf of the federal
10 government.  In addition, the government argues that Vallesteros is incorrect that only Class I peace
11 officers may receive such delegated authority, and points out that the statute Vallesteros cited in support
12 of his argument, NRS 298.130, does not exist.

**DISCUSSION**

14    The Fourth Amendment secures "the right of the people to be secure in their persons, houses,
15 papers, and effects against unreasonable searches and seizures."  U.S. Const. amend. IV.  The Fourth
16 Amendment protects reasonable and legitimate expectations of privacy.  Katz v. U.S., 389 U.S. 347
17 (1967).  The Fourth Amendment protects "people not places."  Id.  Evidence obtained in violation of the
18 Fourth Amendment, and evidence derived from it may be suppressed as the "fruit of the poisonous
19 tree."  Wong Sun v. U.S., 371 U.S. 471 (1963).

20 **I.    Statutory Authority to Make a Search Warrant Application**

21    The parties agree that Class I peace officers, as that position is defined under NRS 289.460 and
22 NAC 289.210, are eligible to receive delegated authority from the U.S. Attorney General to make
23 search warrant applications in federal drug investigations.  The government has provided evidence that
24 the affiant to the instant search warrant application was a Class I peace officer.  Vallesteros does not
25 challenge the authenticity or genuineness of the government's evidence and did not present any
26 evidence that Officer Patton was as a Class III corrections officer as alleged.  His argument is based
27 solely on the affidavit supporting the search warrant indicating Patton was an officer with the CLVMU
28 and citation to a non-existent NRS code section.  The affidavit does not indicate whether Officer Patton

was an Class I or Class III officer with the CLVMU. Vallesteros seems to imply that all CLVMU officers are Class III peace officers, but his only evidence to support that contention is his citation to a non-existent NRS code section and a provision of the NAC that provides the minimal training requirements for Class III peace officers. NAC § 289.160. Vallesteros did not file a reply controverting or objecting to the government's evidence and the time for filing a reply has run. Accordingly, the court finds that Officer Patton was a Class I peace officer and deputized Task Force Officer and was statutorily eligible to make a search warrant application on behalf of the federal government for the search of 5401 Moonstruck Avenue in Las Vegas, Nevada.

## II.     Evidentiary Hearing

The United States Court of Appeals for the Ninth Circuit has held that an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000), citing, United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Harris, 914 F.2d 927, 933 (7th Cir. 1990); United States v. Irwin, 613 F.2d 1182, 1187 (9th Cir. 1980); United States v. Carrion, 463 F.2d 704, 706 (9th Cir. 1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved."). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." Howell, 231 F.3d at 621, citing, Harris, 914 F.2d at 933. The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. United States v. Santora, 600 F.2d 1317, 1320 (9th Cir.), amended by 609 F.2d 433 (1979). Here, the court concludes there are no contested issues of fact that require an evidentiary hearing in this matter, and the court will therefore decide the motion on the moving and responsive papers.

## CONCLUSION

Vallesteros' only argument in support of his motion to suppress was that Officer Patton was a Class III peace officer, not a Class I peace officer, and therefore ineligible to make a search warrant

application in a federal drug investigation. The court has found that Officer Patton was a Class I peace officer and deputized federal Task Force Officer. Therefore, the court finds that Officer Patton was empowered to make the instant search warrant application for a search of Vallesteros' residence at 5401 Moonstruck Avenue in Las Vegas, Nevada, and that in turn Vallesteros' Fourth Amendment rights were not violated.

For all of the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that Defendant Theodore Vallesteros' Motion to Suppress Evidence Obtained Through Illegal Search of the Residence at 5401 Moonstruck Avenue, Las Vegas, Nevada (#45) be DENIED.

Dated this 19th day of October, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE